UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-148-BO
No. 4:22-CV-107-BO

DALLAS CLEON POOLE SR., )
)
    Plaintiff, )
v. ) ORDER
)
CARLOS DEL TORO, SECRETARY OF )
THE U.S. DEPARTMENT OF NAVY, )
)
    Defendant. )

This cause comes before the Court on defendant's motions [4:22-cv-107, DE 10] and [4:22-cv-148, DE 9] to dismiss. It is also before the Court on defendant's motions [4:22-cv-107, DE 16] and [4:22-cv-148, DE 11] to consolidate the above-captioned cases. Plaintiff filed motions [4:22-cv-107, DE 18 & 20] and [4:22-cv-148, DE 16] to amend his complaint. In this posture, the matter is ripe for adjudication.

## BACKGROUND

Dallas Cleon Poole worked for the Navy's Wounded Warrior Battalion East, organizing programs and coordinating donations. Navy regulations require Poole's superior to authorize any donation over $1,500. And regardless of the amount, all donations must also be deposited into the Navy General Gift Fund. Poole was accused of violating those gift regulations, and the Navy started an investigation.

    I.    The First Proposed Removal resulted in a twenty-day suspension.

The Navy discovered that Poole had been accepting checks over $1,500 without proper authorization. Poole had also directed donors to make their checks out to Marine Corporations Community Services "MCCS" instead of to "The Navy General Gift Fund." Then those checks were deposited into Poole's MCCS checking account. The Navy determined that Poole failed to

follow gift acceptance rules, misused gift funds, and conducted himself in a manner unbecoming of a federal employee.

On January 29, 2018, the Navy initiated the First Proposed Removal, which sought to remove Poole from his position. Instead, on April 12, 2018, the Navy decided to suspend him without pay for twenty days. Poole was advised that:

> "You have received a formal personnel action that may entitle you to seek review by an independent federal agency. If you wish to obtain further review of this decision, you may choose from the options outlined below. **You may choose only one method, and the one you choose first is considered your binding election.**"

[DE 11-6 (emphasis in original)]. Plaintiff was suspended from April 16, 2018, to May 7, 2018. On May 4, 2018, Poole filed a timely appeal with the Merit Systems Protection Board ("MSPB"), challenging the First Proposed Removal and the twenty-day suspension but did not raise any allegations of discrimination.

On June 12, 2018, Poole contacted the EEO office. On August 14, 2018 – while his MSPB appeal was still pending – Poole filed an EEO complaint. On August 31, 2018, the EEO complaint was dismissed on the merits.

That same day, an MSPB administrative judge affirmed the First Proposed Removal. Poole was notified that he had four options: he could either (1) file a petition for review with the U.S. Court of Appeals for the Federal Circuit, (2) file an EEO complaint, or (3) file a civil action in the United States District Court. The third option was unavailable unless he had claimed discrimination in his MSSP appeal. And all three options were only available *after* the decision became final on October 5, 2018. Poole was also advised that he could not file a civil action in District Court

The fourth option – filing a petition for a review by the full MSPB board – was only available if Poole filed his petition *before* the decision became final (October 5). Poole was warned

2

that the MSPB board lacked a quorum and thus would be unable to issue decisions until at least one additional member was appointed by the President and confirmed by the United States Senate.

On November 5, 2018, a month after the decision became final, Poole took the fourth option and filed a petition for a review by a full MSPB board. The MSPB board did not achieve a quorum until March 3, 2022, and Poole's petition is still pending. [DE 11-2 at 21].

II.     The Second Proposed Removal resulted in a seven-day suspension.

As part of the First Proposed Removal investigation, Poole had been ordered to turn over all gift cards in his possession. Despite that order, Poole kept thousands of dollars worth of gift cards in his office. So on September 26, 2018, the Navy initiated a Second Proposed Removal, which accused Poole of failing to follow a direct order and failing to follow gift acceptance procedures. Plaintiff was placed on paid administrative the same day. On December 13, 2018, the Navy upheld the charges of failure to follow a direct order, and Poole was suspended for seven days. However, the Navy held that seven-day suspension in abeyance for twelve months. As a result, Poole never served the suspension.

On July 29, 2020, Poole submitted a Congressional Inquiry regarding the Navy's alleged lack of oversight of the gifts given to the Navy's Wounded Warrior Regiment.

## DISCUSSION

On September 8, 2022, Poole filed this *pro se* complaint. Poole alleges discrimination and retaliation under Title VII in connection with the First Proposed Removal and the Second Proposed Removal. Poole also makes fleeting references to the Federal Tort Claims Act and the False Claims Act. On November 30, 2022, plaintiff filed a second *pro se* complaint alleging discrimination and retaliation after Poole submitted a request for a Congressional Inquiry.

3

I.   Motions to consolidate and motions to amend plaintiff's complaint.

For good cause shown, and with plaintiff's consent, the Court will grant defendant's motion [4:22-cv-107, DE 17] to consolidate the two above-captioned cases. Poole filed motions [4:22-cv-107, DE 18 & 20] and [4:22-cv-148, DE 16] to amend the respective complaints. For good cause shown, those motions will be granted.

II.   Motions to Dismiss

Defendant argues that plaintiff's complaint must be dismissed pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff's claims are numerous and difficult to comprehend, so it is helpful to divide them into three categories: (1) claims regarding the First Proposed Removal, (2) claims regarding the Second Proposed Removal, and (3) miscellaneous claims. The Court will briefly address each in turn before conducting a more robust analysis.

In the first category, Poole challenges the EEO's denial of his complaint and the MSPB's decision affirming his twenty-day sentence. Poole cannot challenge the EEO's denial because, when he filed the EEO's complaint, he had already filed the MSPB appeal, which barred him from filing the EEO complaint. In his attack on the MSPB's decision, Poole argues that his suspension was caused by discrimination. Poole's petition for a full MSPB review is still pending; he has failed to exhaust his administrative remedies. Besides, Poole waived the discrimination argument when he failed to raise it on his first MSPB appeal.

In the second category of claims, Poole argues his Second Proposed Removal violated Title VII's prohibition on discrimination and retaliation. His discrimination claim must be dismissed because any harm or racial motivation is speculative. His retaliation claim must be dismissed because there is no evidence that the Second Proposed Removal was caused by anything other than his own misconduct.

4

In the third and final category, Poole makes several miscellaneous claims. Some claims are mentioned in passing and never fully explained. Others are bare resuscitations of the elements of the offense. These unsubstantiated and formulaic claims must be dismissed.

### A. First Proposed Removal

Poole challenges the First Proposed Removal by attacking (1) the EEO's denial of his complaint and (2) the MSPB's decision to affirm his twenty-day suspension.

#### 1. EEO Complaint dismissed for lack of subject matter jurisdiction

According to the Code of Federal Regulations, "[a]n aggrieved person may initially file a mixed case [EEO] complaint with an agency . . . or an appeal on the same matter with the MSPB . . . *but not both*." 29 C.F.R. § 1614.302(b) (emphasis added). On May 4, 2018, Poole filed an MSPB appeal, barring him from filing an EEO complaint. Despite that, Poole filed an EEO complaint two months later. That EEO complaint should have been barred by his pending MSPB appeal, but it was denied on the merits. Here, Poole challenges the EEO's denial. This Court need not consider the merits of that denial because Poole's original complaint was barred.

#### 2. Poole's MSPB appeal dismissed for lack of jurisdiction

Poole argues the MSPB's affirmation of his twenty-day suspension should be overturned because the First Proposed Removal was the result of discrimination. This argument fails for two reasons.

First, Poole failed to argue discrimination on his first MSPB appeal. When an employee fails to argue that an adverse action was motivated by discrimination, that claim is waived. 29 C.F.R. §§ 1614.107(a)(4) and 1614.109(b); *Moore v. Potter*, 217 F. Supp. 2d 364, 370 (E.D.N.Y. 2002); *see McAdams v. Reno*, 64 F.3d 1137 (8th Cir. 1995). Thus, Poole waived his right to argue the First Proposed Removal was due to discrimination.

5

Second, Poole failed to exhaust his administrative remedies. If plaintiff fails to exhaust administrative remedies, this federal court lacks jurisdiction over the claim. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013). "An employee who does not comply with the [EEOC] administrative procedures . . . has failed to exhaust administrative remedies . . . ." *Artis v. U.S. Foodservice, Inc.*, No. CIV.A. ELH-11-3406, 2014 WL 640848, at *17 (D. Md. Feb. 18, 2014). Therefore, this Court cannot consider Poole's argument when his MSPB petition is still pending. Even though that pending petition may be dismissed as untimely, it has not yet been adjudicated, so Poole has not exhausted his administrative remedies.[1] Therefore, his challenge to the MPSB's affirmation of his twenty-day appeal must be dismissed.

B. Second Proposed Removal

As part of the investigation surrounding the First Proposed Removal, the Navy ordered Poole to turn over all gift cards in his possession. The Navy initiated its Second Proposal Removal when it discovered Poole had ignored this order and kept thousands of dollars of gift cards in his office. Poole was placed on paid leave and was ultimately suspended for seven days. However, that suspension was held in abeyance, so Poole never actually served it. Poole claims this "suspension" was the result of discrimination and retaliation in violation of Title VII. Both claims require plaintiff to show he was harmed.

The only harm Poole suffered was speculative. Poole cannot claim any monetary harm because he was paid during the investigation and never actually served the resulting seven-day suspension. Poole argues that workplace gossip harmed his professional reputation. The gossip

---

[1] The deadline to file a petition for a full MSPB review was October 5, 2018. Poole filed his petition on November 5, 2018, a month after the deadline. Thus, Poole's petition appears to be untimely. However, because Poole does not argue that his administrative remedies were exhausted on October 5 (the date his judgment became final), the Court need not consider that argument.

was predicated on true events: Poole's misconduct and the Navy's disciplinary action. If his coworkers discussed those true events, the nebulous harm to Poole's reputation is speculative and cannot sustain a Title VII claim.

### 1. No evidence of discrimination

"While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582 (4th Cir. 2015) (quoting *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)). "The mere fact that a certain action is potentially consistent with discrimination does not alone support a reasonable inference that the action was motivated by bias." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). In essence, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even assuming Poole suffered non-speculative harm, the Court cannot reasonably infer that the Second Proposal Removal was due to Poole's race. All the evidence suggests Poole's own misconduct caused the Second Proposed Removal. Specifically, Poole siphoned charitable donations into his personal bank account (triggering the First Proposed Removal). As part of that investigation, the Navy ordered Poole to turn over all gift cards in his possession. A few weeks later, the Navy discovered gift cards in Poole's office – a direct violation of that order. There is nothing to suggest the Second Proposed Removal was anything other than a justified sanction for Poole's misconduct.

Poole vaguely asserts that "discrimination occurred" over a nearly two-year period, and the Proposed Removals were "racially charged." [DE 1]. But "[t]he mere fact that a certain action is potentially consistent with discrimination does not alone support a reasonable inference that the

7

action was motivated by bias." *Bing*, 959 F.3d at 618. Given Poole's misconduct and the lack of evidence of racial bias, the Court cannot reasonably infer that the Second Proposed Removal was racially motivated. Therefore, plaintiff's Title VII discrimination claim must be dismissed.

        2.      No evidence of retaliation

Poole alleges the Second Proposed Removal was retaliation for his contact with the EEOC. A Title VII retaliation claim requires plaintiff to demonstrate that (1) he engaged in protected activity, (2) his employer took action against him that a reasonable employee would find materially adverse, and (3) the employer took the materially adverse employment action because of the protected activity. *See, e.g., Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015).

Poole's retaliation claim fails because there is no evidence the Navy initiated the Second Proposed Removal *because* of his protected activity. The protected activity occurred on June 12, 2018, when Poole contacted the EEOC. The alleged retaliation occurred on September 26, 2018, when the Navy launched its Second Proposed Removal. There is no evidence that this Second Proposed Removal was caused by his contact with the EEOC. The only reasonable inference is that the Second Proposed Removal was caused by Poole's decision to ignore a direct order and keep thousands of dollars of gift cards in his office. Therefore, his retaliation claim must be dismissed.

    C. Other claims

While the Court must construe a *pro se* pleading liberally, "[. . .] liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing*, 959 F.3d at 618 (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)).

8

### 1. Disparagement and Defamation

Poole claims that he was disparaged and defamed by his supervisor after Poole requested a Congressional Inquiry into the Navy's gift policy. Specifically, Poole alleges his supervisor tarnished his reputation by discussing the two proposed removal actions with his coworkers. Even assuming this is true, Poole's allegations do not support a finding of disparagement or defamation. It is a fact that Poole violated the Navy's gift policy and failed to follow a direct order. And it is a fact that, as a result, the Navy initiated the First and Second Proposed Removals against him. Repeating those true facts cannot support a claim for disparagement or defamation. Allegedly, Poole's supervisor opined that Poole's conduct warranted punishment. His supervisor cannot be held liable for expressing his opinion of Poole's conduct. The remaining portions of Poole's allegations do not identify any specific disparaging or defamatory statements. Without more, this Court must dismiss Poole's claims.

### 2. Hostile work environment

Poole makes two claims for relief for defendant's allegedly hostile work environment. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Poole's complaint merely repeats the elements of the offense, so those two claims must also be dismissed.

### 3. False Claims Act and Federal Tort Claims Act

In passing, Poole references the False Claims Act and the Federal Tort Claims Act. But he fails to satisfy the elements of either cause of action. In his motion to amend his complaint, Poole supplements these allegations with attempts to relitigate whether he actually violated the Navy's gift policy. That issue has already been decided. He also alleges various forms of fraud, but after reviewing the record, this Court finds those allegations do not meet the high bar imposed by FED. R. CIV. P. 9. Those claims will be dismissed.

9

Poole also references N.C. Gen. Stat. § 14-122.1, a statute prohibiting the falsifying of documents. Poole does not provide evidence to suggest that any documents were falsified, so that claim will also be dismissed.

## CONCLUSION

Without opposition, defendant's motions [4:22-cv-107, DE 16] and [4:22-cv-148, DE 11] to consolidate the above-captioned cases are GRANTED. The Clerk is DIRECTED to consolidate the cases into a single action. For good cause shown, plaintiff's motions [4:22-cv-107, DE 18 & 20] and [4:22-cv-148, DE 16] to amend his complaint are GRANTED. And for the foregoing reasons, defendant's motions [4:22-cv-107, DE 10] and [4:22-cv-148, DE 9] to dismiss are GRANTED. The case is DISMISSED without prejudice. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this __12__ day of July 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE